■ In the Matter of NATHANIEL JJ., a Person in Need of Supervision, Appellant. DUTCHESS COUNTY PROBATION DEPARTMENT, Respondent. [705 NYS2d 135] —Crew III, J. P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered January 20, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to revoke a prior order of probation and placed respondent in the custody of the Columbia County Commissioner of Social Services for a period of 18 months.

The underlying facts are fully set forth in our prior decision in this matter (265 AD2d 660). When this matter was last before us, we withheld decision and remitted the matter to Family Court for the purpose of amending its order of disposition to comply with the statutory requirements set forth in Family Court Act § 754 (2) (a). Specifically, Family Court was directed to specify the reasons for its disposition and, further, to set forth the specific findings required when a child has been placed in accordance with Family Court Act § 756.

Upon reviewing Family Court's amended order we find, contrary to respondent's assertion, that Family Court indeed "state[d] the * * * reasons for the particular disposition ordered" (Family Ct Act § 754 [2] [a]). Additionally, in accor-

dance with Family Court Act § 754 (2) (a) (i), Family Court discussed the reasonable efforts made prior to disposition to allow respondent to remain in his home and, more to the point, why a continuation of such placement was not in respondent's best interest. Respondent is, however, correct in noting that Family Court's amended order does not comply with the requirements of Family Court Act § 754 (2) (a) (ii), which compels the court, "in the case of a child who has attained the age of sixteen, [to determine] the services needed, if any, to assist the child to make the transition from foster care to independent living". The record indicates that respondent was born in July 1982 and, therefore, was 16 years old at the time of the November 1998 dispositional hearing. Accordingly, Family Court was required to address this prong of the statute in its amended order.

Respondent cites no authority in support of the proposition that the cited omission in Family Court's amended order entitles him to an immediate release from placement, and we are of the view that Family Court's failure to comply with the statutory mandate does not implicate any of respondent's substantive rights. We therefore deem it appropriate to again remit this matter to Family Court for the purpose of amending its order to comply with the specific requirements of Family Court Act § 754 (2) (a) (ii).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.